### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

_____
                                                          )
FREDERICK J. MALI, and LUCRETIA      )          CIVIL ACTION
MALI,                                                    )
                                                          )
      Plaintiffs,                                  )
                                                          )          CASE NO. 3:06-cv-01475 (CFD)
vs.                                                       )
                                                          )
FEDERAL INSURANCE COMPANY,        )
      Defendant.                                  )          SEPTEMBER 22, 2006
_____)

### PLAINTIFF'S FIRST AMENDED COMPLAINT

**Count One (Declaratory Judgment)**

1.     At all times relevant herein and upon information and belief, Defendant, FEDERAL INSURANCE COMPANY, was a corporation with principal a place of business in the state of Indiana and was duly authorized to do business in the state of Connecticut and was in the business of writing various types of policies of insurance, including but not limited to property and casualty insurance policies.

2.     At all times relevant herein, Plaintiffs, FREDERICK J. MALI and LUCRETIA MALI, were natural persons with a primary residence in the state of New York.

3.     At all times relevant herein, Plaintiffs were the owners in fee of the residential property at 139 Grantville Road, Winsted, Connecticut ("Grantville Property").

4.      Since in or about 1980, Plaintiffs have resided in the "house" or "main dwelling" at the Grantville Property which is the subject of this lawsuit.

5.      At all times relevant herein, in consideration of a premium paid, Plaintiffs insured the Grantville Property under the provisions of a contract for property and casualty insurance issued by Defendant, designated as policy number 10451598-01 ("the Policy").

6.      At all times relevant herein all premiums due on Federal Insurance Company policy number 10451598-01 had been paid and said policy was in full force and effect.

7.      On or about April 1, 2005, while Plaintiffs were out of state and while the Policy was in full force and effect, a fire broke out at Plaintiffs' "house" or "main dwelling" on the Grantville Property resulting in a total loss of the structure and all of its contents, and the destruction of trees, shrubs, plants, and/or lawns at the Grantville Property.

8.      On or about April 1, 2005, Plaintiffs promptly made a claim with Defendant against the Policy for the total loss of the "house" or "main dwelling" on the Grantville Property and its contents, and for the destruction of landscaping at the Grantville Property.

9.      Subsequent to April 1, 2005, Plaintiffs, through legal counsel, promptly made a

claim with Defendant against the Policy for additional living expenses reasonably and necessarily incurred or to be incurred by Plaintiffs due to the total loss of the structure and its contents at the Grantville Property. Plaintiffs reasonably expected remuneration for the full amount of the losses as described above.

10.     The cost of replacing the structure is in excess of $1,600,000.00, within the coverage of the Policy.

11.     The cost of replacing the lost contents is in excess of $745,000.00, in excess of the coverage limits of the Policy.

12.     Plaintiffs have at all times performed all conditions on Plaintiffs' part to be fulfilled and have given Defendant due notice and proof of the loss in accordance with the terms of the Policy.

13.     Among other things, at one point, Defendant, through its agents and/or employees informed Plaintiffs that Defendant would not reimburse Plaintiffs the full amount of the damage to the structure, nor for the additional living expenses reasonably and necessarily incurred by Plaintiffs, claiming that the structure that burned down was a barn, was not covered as the "house" or the "main dwelling" on the Grantville Property under the Policy, was an "other permanent structure" under the Policy, and therefore they were not entitled to additional living expenses.

14. Despite repeated requests, even after the passage of over a year since the fire, Defendant has refused to confirm that there is coverage under the Policy for these losses to the "house" or "main dwelling," its contents, the landscaping at the Grantville Property, and the additional living expenses incurred by Plaintiffs, as described above.

15. A demand for coverage under the Policy for the full amount of the damages has been made by or on behalf of Plaintiffs and Defendant has failed to pay Plaintiffs for the loss.

16. There is a real and substantial dispute among the parties as to the coverage under the Policy for the losses to the structure, its contents, the landscaping, and Plaintiffs' additional living expenses incurred due to the fire loss.

17. All of the parties named herein have an interest in this dispute, and there are actual, bona fide and substantial questions and issues in dispute which require determination by the court.

18. All persons and entities which have an interest in the subject matter of these disputes are named as parties to the action.

**Count Two (Breach of Contract)**

1-16. Paragraphs One through Sixteen of the First Count are hereby incorporated and made Paragraphs One through Sixteen of this, the Second Count, as if fully set

forth herein.

17.     To date, Defendant has refused to adequately compensate Plaintiff for their loss in breach of the aforementioned contract for insurance. As a direct and proximate result of Defendant's breach, Plaintiffs have sustained damages.

**Count Three (Breach of Covenant of Good Faith and Fair Dealing)**

1-16.   Paragraphs One through Sixteen of the First Count are hereby incorporated and made Paragraphs One through Sixteen of this, the Third Count, as if fully set forth herein.

17.     Within the contractual relationship between Plaintiffs and Defendant, there is an implied covenant of good faith and fair dealing.

18.     Defendant has breached the covenant of good faith and fair dealing it owed to Plaintiffs under the Contract, and manifested a clear and conscious design to mislead or deceive Plaintiffs, in one or more of the following ways:

a)      On multiple dates subsequent to Defendant receiving Plaintiffs' claim for benefits, Defendant, through its agents and/or employees, repeatedly represented to Plaintiffs that they were reviewing the claim for settlement purposes.

b)      On multiple dates subsequent to Defendant receiving Plaintiffs' claim for benefits, Defendant, through its agents and/or employees, also repeatedly

mislead Plaintiffs concerning obtaining the advice of legal counsel or consulting a public adjuster.

c)      Defendant has refused to give a full, prompt and reasonable explanation for the basis of its decision to limit the disbursed benefits, in bad faith and in violation of its contractual obligations.

d)      Defendant has unnecessarily delayed and protracted the claim settlement process, without cause by making assertions that it is investigating the claims, when in fact there is no reasonable basis for such assertions.

19.     Defendant's breach of the covenant of good faith and fair dealing has directly and proximately caused substantial injury to Plaintiffs, and Plaintiffs are entitled to recover such actual damages as the jury may find Plaintiffs to have sustained, in addition to the costs of this action.

**Count Four (Breach of the Connecticut Unfair Trade Practices Act (CUTPA))**

1-18.   Paragraphs One through Eighteen of the Third Count are hereby incorporated and made Paragraphs One through Eighteen of this, the Fourth Count as if fully set forth herein.

19.     At all times relevant to this Complaint, Defendant was engaged in a trade or business as defined by Connecticut General Statues § 42-110b, *et. seq*.

20.     In dealing with Plaintiffs, Defendant violated the Connecticut Unfair Insurance

Practices Act  (CUIPA) set out in Connecticut General Statutes § 38a-816 in one or more of the following ways in that it:

a)      failed to adequately respond to communications made by Plaintiffs and/or Plaintiffs' agents and/or representatives;

b)      failed to adopt and implement standards for the prompt investigation of the claim.

c)      failed to attempt in good faith to effectuate a prompt, fair and equitable settlement in this clear property damage case;

d)      failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for its limitation of the claim;

e)      attempted to settle Plaintiffs' claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application; and/or

f)      compelled Plaintiffs to institute the present litigation to recover amounts due under Policy by offering substantially less than the amounts to which Plaintiffs are entitled under the Policy.

21.    Said unfair insurance practices have been committed by Defendant with such

frequency as to indicate a general business practice in violation of the Connecticut Unfair Trade Practices Act (CUTPA).

22.     The aforesaid acts and omissions are unfair, deceptive, immoral, unethical, unscrupulous and have caused substantial injury to Plaintiffs.

23.     As a direct and proximate cause of Defendant's conduct, Plaintiffs have sustained an ascertainable and substantial loss of money.

## **JURY TRIAL DEMAND**

The Plaintiff hereby demands a jury trial as to all matters.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs seek:

1.    In accordance with Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, a declaratory judgment of the Court decreeing the rights and obligations of the parties in accordance with this Complaint, including but not limited to:

    a)    a declaration that the structure destroyed in the fire was the "house" or "main dwelling" identified in the Policy rather than an "other permanent structure" and that Plaintiffs are entitled to any benefits and/or coverage under the Policy flowing from that designation; and

    b)    a declaration that Defendant has an obligation under the Policy to promptly remunerate Plaintiffs under the Policy for the full replacement cost of the damaged structure, the replacement cost of the contents of the damaged structure, the replacement cost of the landscaping at the Grantville Property destroyed in the fire loss, and the additional living expenses incurred by Plaintiffs as a result of the destruction of the house, all as within the respective coverage limits of the Policy; and

2.    fair, just and reasonable compensatory damages;

3.    punitive damages;

4.    reasonable attorneys fees;

5.    costs of this suit; and

6.    such other relief as in equity may pertain.

THE PLAINTIFFS,
FREDERICK J. MALI, and LUCRETIA MALI

By: /s/ Michael D. O'Connell
Michael D. O'Connell, Esq.
O'Connell, Flaherty & Attmore, LLC
280 Trumbull Street
Hartford, CT  06103
Federal Bar. No. CT05299
(860) 548-1300
(860) 548-0023  (facsimile)
moconnell@ofalaw.com

- 9 -

**<u>CERTIFICATE OF SERVICE</u>**


       I hereby certify that on September 22, 2006, a copy of foregoing **Plaintiff's First Amended Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Mark B. Seiger
Edwards, Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103
mseiger@eapdlaw.com


                                 <u>/s/ Michael D. O'Connell</u>
                                   Michael D. O'Connell, Esq.