UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK J. MALI and LUCRETIA MALI, <br><br> Plaintiffs, <br> vs. <br><br> FEDERAL INSURANCE COMPANY, <br><br> Defendant. | Civil Action No.: 3:06CV01475 (CFD) <br><br><br><br> DECEMBER 18, 2006 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Federal Insurance Company ("Defendant") by and through its undersigned counsel, hereby answers the Complaint filed by plaintiffs Frederick J. Mali and Lucretia Mali (collectively, the "Plaintiffs"), and asserts the following affirmative defenses:

**Count One (Declaratory Judgment)**

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant is without knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore, neither admits nor denies the same but, rather, leaves Plaintiffs to their proof.

3. Defendant is without knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore, neither admits nor denies the same but, rather, leaves Plaintiffs to their proof.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits only so much of the allegations contained in paragraph 5 as allege that Defendant issued policy number 10451598-01 (the "Policy") to the Plaintiffs in exchange for the payment of a certain premium. The Defendant neither admits nor denies the

remaining allegations contained in paragraph 5 but, rather, refers the Court to the Policy as the Policy speaks for itself.

6. Defendant admits only so much of the allegations contained in paragraph 6 as allege that the Policy was in effect at the time of the fire at the Grantville Property. Defendant denies all other allegations contained in paragraph 6.

7. Defendant admits only so much of the allegations contained in paragraph 7 as allege that a fire broke out at the Grantville Property on April 1, 2005, which destroyed a converted barn located on the property. Defendant denies all other allegations contained in paragraph 7.

8. Defendant admits only so much of the allegations contained in paragraph 8 as allege that Plaintiffs made a claim with Defendant arising from the April 1, 2005 fire. Defendant denies all other allegations contained in paragraph 8.

9. Defendant admits only so much of the allegations contained in paragraph 9 as allege that Plaintiffs made a claim under the Policy for additional living expenses. Defendant denies all other allegations contained in paragraph 9 of the Complaint.

10. Defendant is without knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore, neither admits nor denies the same but, rather, leaves Plaintiffs to their proof.

11. Defendant is without knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore, neither admits nor denies the same but, rather, leaves Plaintiffs to their proof.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits only so much of the allegations contained in paragraph 13 as allege that Defendant issued a coverage letter concerning Plaintiffs' claim for additional living expenses. The Defendant neither admits nor denies the remaining allegations contained in paragraph 13 but, rather, refers the Court to the coverage letter as the letter speaks for itself.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits only so much of the allegations contained in paragraph 15 as allege that Plaintiffs have made a claim under the Policy and Defendant's investigation of that claim is ongoing. Defendant denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant admits the allegations contained in paragraph 17.

18. Defendant admits the allegations contained in paragraph 18.

**Count Two (Breach of Contract)**

1-16. Defendant repeats and re-alleges its answers to paragraphs 1-16 of the Complaint, as if fully set forth as its answers to paragraph 1 through 16 of Count Two.

17. Defendant denies the allegations contained in paragraph 17 of Count Two.

**Count Three (Breach of Covenant of Good Faith and Fair Dealing)**

1-16. Defendant repeats and re-alleges its answers to paragraphs 1-16 of the Complaint, as if fully set forth as its answers to paragraph 1 through 16 of Count Three.

17. Defendant answers that paragraph 17 of Count Three contains only conclusions of law and argument to which answers are not required.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     Defendant answers that paragraph 19 of Count Three contains only conclusions of law and argument to which answers are not required. To the extent the Court deems paragraph 19 of Count Three to contain allegations of fact, Defendant denies those allegations.

### PRAYERS FOR RELIEF

Defendant answers that the Plaintiffs' prayers for relief contain only conclusions of law and argument as to which answers are not required. To the extent the Court deems the prayers for relief to contain allegations of fact, Defendant denies those allegations. Further, Defendant denies that the Plaintiffs are entitled to any of the relief requested.

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that it has complied with, and continues to comply with, its obligations under the Policy.

### SECOND AFFIRMATIVE DEFENSE

Defendant's determination that the Plaintiffs are not entitled to payment on certain claims submitted under the Policy is proper under the terms and conditions of the Policy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are precluded from obtaining relief as they engaged in fraud during the investigation and adjustment of their claim.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from obtaining relief as they made misrepresentations of material fact during the investigation and adjustment of their claim.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs were responsible to make their own review of the Policy, and Plaintiffs' acts and omissions are the sole proximate cause of Plaintiffs' harm, if any.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have waived their rights under the Policy by refusing to perform pursuant to the terms of the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by estoppel.

**THE DEFENDANT,
FEDERAL INSURANCE COMPANY**

Mark B. Seiger ct05580
Robert D. Laurie ct24978
EDWARDS ANGELL PALMER &
DODGE LLP
90 State House Square
Hartford, CT 06103
Telephone (860) 525-5065
Facsimile (860) 527-4198

## CERTIFICATION

I hereby certify that on December 18, 2006, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

Robert D. Laurie ct24978
EDWARDS ANGELL PALMER &
DODGE LLP
90 State House Square
Hartford, CT 06103
Telephone (860) 525-5065
Facsimile (860) 527-4198
Email: rlaurie@eapdlaw.com
