UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE ESTATE OF FREDERICK MALI | : | |
| and LUCRETIA MALI, | : | |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | 3:06-cv-1475 (CFD) |
| | : | |
| FEDERAL INSURANCE COMPANY, | : | |
|     Defendant. | : | |

## RULING ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

**I.    Introduction**

This case arises out of an insurance dispute between the plaintiffs, Lucretia Mali and her late husband Frederick Mali ("the Malis"), and their insurance company, defendant Federal Insurance Company ("Federal"), over a claim for plaintiffs' property that was destroyed in a fire. The plaintiffs initially brought suit against the defendant alleging breach of contract and bad faith. In response, the defendant has filed a motion for summary judgment, alleging that the plaintiffs misrepresented material facts during the investigation and thereby voided the insurance policy. The plaintiffs have filed a motion to strike several of the defendant's affirmative defenses.

**II.    Background[1]**

The plaintiffs, as residents of New York City, converted a farm in Winsted, Connecticut

---

[1] Unless otherwise noted, these facts are taken from both parties' memoranda in support of and in opposition to the current motions, as well as the accompanying exhibits and affidavits.

into a part-time residence during the 1960s. The property included a farm house and a barn house. The plaintiffs converted the barn house to living quarters, which they used when visiting Winsted. On April 1, 2005, a fire completely destroyed the barn. As a result, the plaintiffs filed a claim with the defendant, their insurance carrier.

During the ensuing investigation, the defendant claims that the plaintiffs made false statements and misrepresentations on several issues related to the value of the barn. As a result, they seek to void the policy. Meanwhile, the plaintiffs claim that the defendant acted in bad faith by, among other things, trying to force the plaintiffs to accept a settlement amount lower than representatives of the defendant knew was appropriate. Accordingly, they move to strike several of the defendant's affirmative defenses.

### III.  Applicable Law and Discussion

#### A.  Motion for Summary Judgment

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences

in favor of the party against whom summary judgment is sought.  Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38.  "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134.  Consistent with this standard, all evidence favorable to the nonmoving party must be credited if a reasonable jury could credit it.  Evidence favorable to the moving party, on the other hand, must be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).  "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

     This case presents genuine issues of material fact as to whether the plaintiffs made material misrepresentations.  The defendant claims that, in the initial claim for the barn and during the claim investigation, the Malis made material misrepresentations regarding a cleaning lady that may have worked in the barn (and thus would know of its construction and contents), as well as skylights, ceramic tile, hardwood flooring, and copper gutters located in and around the barn. Under Connecticut law, an insurance company may void coverage for a material misrepresentation by the insured if the insured "wilfully concealed or misrepresented a material fact with the intention of deceiving the insurer." Rego v. Connecticut Ins. Placement Facility, 219 Conn. 339, 346 (1991).  A material fact is considered to be wilfully concealed or misrepresented if the insured knew that a statement was untrue at the time it was made.  See Pacific Indemnity Co. v. Golden, 985 F.2d 51, 55 (2d Cir.1993).  However, the determination of

whether an act is wilful is normally a fact question.  See Mullen v. Horton, 46 Conn.App. 759, 765 (1997).  Here, the plaintiffs argue that these alleged misrepresentations were either accurate or mistaken when they were made or were simply misunderstood by the defendant's investigators.  The affidavits and exhibits filed by both sides show that doubts exist as to whether the statements in question were either misrepresentations or can be considered material.  Accordingly, summary judgment is not appropriate in this case.

### B.     Motion to Strike Affirmative Defenses

The plaintiffs allege that, among other things, the defendant kept from them an appraisal of the barn which would have verified Ms. Mali's representations about the value of the barn itself and the materials contained within the structure.  Under the Federal Rules of Evidence, if a party fails to obey a discovery order, the Court may strike the pleadings in whole or in part.  Fed. R. Civ. P. 37(b)(2)(A)(iii).  While district courts are afforded wide discretion in sanctioning the parties that come before them, see Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 177 (2d Cir. 2008), the decision to strike the pleadings is considered a "draconian" measure and should be employed only as a "remedy of last resort."  Batson v. Neal Spelce Assocs., 765 F.2d 511, 515 (5th Cir. 1985) (quotations omitted).  Where district courts have ordered dismissal on these grounds, the sanctioned party has often engaged in systematic noncompliance with court orders such that no lesser punishment would be appropriate.  See Secs. & Exch. Comm'n v. Hollywood Trenz, Inc., 202 F.R.D. 3, 7 (D.D.C. 2001).  In this case, it is not clear that any wrongdoing has occurred.  Furthermore, the plaintiffs have not sought a discovery order on this matter and therefore the defendant has not failed to comply with any orders of this Court.  Overall, the facts

and circumstances of this case fall far short of the purposeful wrongdoing that is required before the striking of affirmative defenses would be an appropriate remedy. As a result, this motion is denied.

### IV.   Conclusion

For the reasons set forth above, the defendant's motion for summary judgment [Dkt. #115] and the plaintiffs' motion to strike [Dkt. #119] are DENIED.

SO ORDERED this   27th   day of October 2009, at Hartford, Connecticut.


/s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**